FILED
NOV 19 2026
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

RECEIVED
NOV 19 2026
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
Eastern **DIVISION**

Brandon Barnes
Plaintiff(s),

v.

St. Louis Public Library

Defendant(s). (Enter above the full name(s) of all defendants in this lawsuit. Please attach additional sheets if necessary.)

Case No. 4:26-cv-01997-MAL
(to be assigned by Clerk of District Court)

JURY TRIAL DEMANDED

YES ✓ NO___

## EMPLOYMENT DISCRIMINATION COMPLAINT

1. This employment discrimination lawsuit is based on (check only those that apply):

✓ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*., for employment discrimination on the basis of race, color, religion, gender, or national origin.
**NOTE**: *In order to bring suit in federal district court under Title VII, you must first obtain a right-to-sue letter from the Equal Employment Opportunity Commission.*

____ Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq*., for employment discrimination on the basis of age (age 40 or older).
**NOTE**: *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

✓ Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq*., for employment discrimination on the basis of disability.
**NOTE**: *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a right-to-sue letter from the Equal Employment Opportunity Commission.*

____ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.*, for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance.
**NOTE**: *In order to bring suit in federal district court under the Rehabilitation Act of 1973, you must first file charges with the appropriate Equal Employment Office representative or agency.*

____ Other (Describe)

**PARTIES**

2. Plaintiff's name: Brandon A Barnes

Plaintiff's address: 808 Vivian St.
Street address or P.O. Box

Collinsville, Madison County, Illinois, 62234
City/ County/ State/Zip Code

(708)224-5044
Area code and telephone number

3. Defendant's name: St. Louis Public Library

Defendant's address: 1415 Olive Street
Street address or P.O. Box

St. Louis, St. Louis City, Missouri, 63103
City/County/State/ Zip Code

______
Area code and telephone number

**NOTE: IF THERE ARE ADDITIONAL PLAINTIFFS OR DEFENDANTS, PLEASE PROVIDE THEIR NAMES, ADDRESSES AND TELEPHONE NUMBERS ON A SEPARATE SHEET OF PAPER.**

4. If you are claiming that the discriminatory conduct occurred at a different location, please provide the following information:

1415 Olive Street St. Louis Missouri 63103
(Street Address) (City/County) (State) (Zip Code)

5. When did the discrimination occur? Please give the date or time period:

May of 2025 - October 10, 2025

**ADMINISTRATIVE PROCEDURES**

6. Did you file a charge of discrimination against the defendant(s) with the Missouri Commission on Human Rights?

☐ Yes Date filed: ______________

☐ No

7. Did you file a charge of discrimination against the defendant(s) with the Equal Employment Opportunity Commission or other federal agency?

☑ Yes Date filed: 12/22/25

☐ No

8. Have you received a Notice of Right-to-Sue Letter?

☑ Yes ☐ No

If yes, please attach a copy of the letter to this complaint.

9. If you are claiming age discrimination, check one of the following:

_____60 days or more have passed since I filed my charge of age discrimination with the Equal Employment Opportunity Commission.

_____fewer than 60 days have passed since I filed my charge of age discrimination with the Equal Employment Opportunity Commission.

## NATURE OF THE CASE

10. The conduct complained of in this lawsuit involves (check only those that apply):

____ failure to hire me

__✓__ termination of my employment

____ failure to promote me

__✓__ failure to accommodate my disability

__✓__ terms and conditions of my employment differ from those of similar employees

__✓__ retaliation

__✓__ harassment

____ other conduct (specify):

Did you complain about this same conduct in your charge of discrimination?

__✓__ Yes ____ No

11. I believe that I was discriminated against because of my (check all that apply):

____ race

____ religion

____ national origin

____ color

____ gender

_✓_ disability

____ age (birth year is: ____________)

_✓_ other: Retaliation for assisting with an employee grievance concerning alleged discriminatory bias

Did you state the same reason(s) in your charge of discrimination?

_✓_ Yes ____ No

12. State here, as briefly and clearly as possible, the essential facts of your claim. Describe specifically the conduct that you believe is discriminatory and describe how each defendant is involved in the conduct. Take time to organize your statement; you may use numbered paragraphs if you find it helpful. It is not necessary to make legal arguments, or to cite cases or statutes.

* See attached statement of facts

(Continue to page 6, if additional space is needed.)

*See attached Statement Of Facts, incorporated into Question 12.

(Attach additional sheets as necessary).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

**Brandon A. Barnes, Plaintiff**
v.
**St. Louis Public Library, Defendant**

**ATTACHMENT TO QUESTION 12 — STATEMENT OF FACTS**

1. I, Brandon A. Barnes, was employed by St. Louis Public Library ("Defendant") as a Human Resources Generalist from approximately January 2, 2024, until my termination on October 10, 2025.
2. During my employment, I was responsible for various human resources functions, including assisting employees with workplace concerns, internal grievances, and recruitment-related matters.
3. In May 2025, I disclosed to Defendant that I suffered from chronic migraines and provided medical documentation requesting reasonable accommodation. My condition periodically affected my ability to function in the morning due to severe migraine symptoms, disrupted sleep, and medication-related fatigue.
4. I met with Human Resources Director Jen Wiese and Chief Operating Officer Justin Struttmann regarding my medical documentation. Defendant later claimed that an existing flexible arrival window constituted an accommodation. I dispute that characterization because the scheduling flexibility existed before my request. I allege that Defendant failed to adequately explore individualized accommodations and continued relying on attendance concerns related to my condition.
5. During my employment, I also experienced what I believe was unequal treatment by Ms. Wiese, including demeaning communication, exclusion from meetings, and inconsistent enforcement of attendance expectations. I raised concerns about her treatment during the accommodation-related meeting.
6. In September 2025, an employee, Taylor Steward, submitted a grievance concerning alleged personal bias and irregularities in the hiring process for the Manager of Genealogy position. The grievance identified Ms. Wiese, who was also my direct supervisor.
7. Because Ms. Wiese was the subject of the grievance, Chief Operating Officer Justin Struttmann directed that Ms. Steward work through me concerning the grievance. Defendant's grievance procedures authorized Human Resources personnel to assist employees with preparing and processing grievances.
8. On September 25, 2025, I assisted Ms. Steward with escalating her grievance. Ms. Steward subsequently provided a written statement confirming that she reviewed, edited,

completed, and sent the grievance communication herself. I contend that my assistance was consistent with my assigned Human Resources responsibilities.

9. On October 10, 2025, approximately fifteen days after the grievance escalation, Defendant terminated my employment. The termination documentation cited alleged misconduct and performance issues and expressly referenced the grievance-related communication.
10. I dispute Defendant's allegation that I misrepresented facts or improperly undermined the Human Resources Department. I believe the grievance communication was improperly characterized as misconduct and that my assistance with the grievance contributed to the decision to terminate me.
11. Defendant also relied upon prior attendance and performance concerns. I acknowledge that I previously received attendance-related counseling and disciplinary notices; however, I dispute Defendant's characterization of those issues as justification for my termination, particularly given my medical accommodation request and the timing of the termination.
12. I further contend that Defendant's explanations for my termination were inconsistent and that the participation of Ms. Wiese, who was the subject of the employee grievance, raises concerns about the legitimacy of the disciplinary decision.
13. During my termination meeting, Ms. Wiese stated, "Even without this, you would have been fired anyway, because several people don't want you here." I believe this statement and the circumstances surrounding my termination are relevant to whether Defendant's stated reasons were pretextual.
14. I allege that Defendant discriminated against me based on my disability, failed to provide reasonable accommodation, and subjected me to adverse employment actions connected to my medical condition. I further allege that my termination was retaliatory because of my assistance with the employee grievance.
15. I filed EEOC Charge of Discrimination No. 560-2026-00925, identifying retaliation and describing disability discrimination, failure to accommodate, and the circumstances surrounding my termination.
16. As a result of Defendant's actions, I suffered loss of employment, lost wages and benefits, financial hardship, emotional distress, and other damages.

I respectfully request that the Court consider these allegations and award the relief available under applicable law.

13. The acts set forth in paragraph 12 of this complaint:

- [ ] are still being committed by the defendant.
- [x] are no longer being committed by the defendant.
- [ ] may still be being committed by the defendant.

## REQUEST FOR RELIEF

State briefly and exactly what you want the Court to do for you. Make no legal arguments; cite no cases or statutes.

I respectfully request that the Court enter judgement in my favor and award all relief available under applicable law including:

1. Back pay for lost wages and employment benefits resulting from my termination
2. Front pay in lieu of reinstatement, as appropriate
3. Compensatory damages for emotional distress, mental anguish, and other legally compensible injuries
4. Punitive damages to the extent legally available against Defendant
5. Prejudgment and postjudgment interest, where permitted
6. Recoverable court costs and any other appropriate relief the Court deems just and proper.

I further request a trial by jury on all issues triable by jury.

14. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 19th day of November, 2026.

Signature of Plaintiff Brandon A Barnes